UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROHAN ANTHONY JOHNSON,

                Petitioner,

       - against -

WARDEN EDWARD DUFFY AND NYS
ATTORNEY GENERAL ERIC
SCHNEIDERMAN,

                Respondents.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-2220 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On April 8, 2014, petitioner Rohan Anthony Johnson ("Johnson"), currently incarcerated

at the Vernon C. Bain Center at Rikers Island, filed the instant petition for a writ of habeas

corpus under 28 U.S.C. § 2254, challenging his ongoing criminal action in Queens County

Supreme Court. Because Johnson has neither been convicted nor sentenced, the Court dismisses

the petition without prejudice as premature.

## DISCUSSION

In order to bring a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a

petitioner must first be in custody pursuant to a state court judgment, and must exhaust the

remedies available in the state court or show that "there is an absence of available state

corrective process . . . or circumstances exist that render such process ineffective to protect the

rights of the applicant." 28 U.S.C. § 2254(a), (b)(1)(B)(i)–(ii). To meet the exhaustion

requirement, federal claims must be initially presented to the highest state court. *See Picard v.

Connor*, 404 U.S. 270, 275 (1971); *Daye v. Attorney General*, 696 F.2d 186, 190–92 (2d Cir.

1982). Johnson, who was arrested in the pending criminal case on March 19, 2014, is not in

custody pursuant to a state court judgment, much less could he have exhausted his state court

remedies.[1]  Because Johnson has failed to satisfy either of these prerequisites under § 2254, the

instant petition is premature and is dismissed without prejudice.  *See Holmes v. Demarco*, No.

13-CV-0401 (SJF), 2013 WL 2154882, at *2 (E.D.N.Y. May 14, 2013) (habeas petition must be

dismissed as premature where petitioner has neither been convicted nor exhausted state court

remedies); *Johnson v. New York*, No. 11-CV-2237 (RRM), 2011 WL 1933726, at *1 (E.D.N.Y.

May 18, 2011) (same); *Williams v. Horn*, No. 06-CV-3068, 2006 WL 2333874 (BMC), at *1

(E.D.N.Y. Aug. 9, 2006) ("[B]ecause the criminal proceedings are ongoing, there has been no

judgment or adjudication on the merits of petitioner's claims and therefore, this § 2254 petition is

premature").[2]

## CONCLUSION

The petition for a writ of habeas corpus is dismissed without prejudice as premature.  A

certificate of appealability shall not issue as petitioner has not made a substantial showing of the

denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  The Court certifies that, pursuant to

---

[1] According to the New York City Department of Correction Inmate Lookup Service, Johnson has been charged by indictment with second-degree grand larceny.  His next court date (in Queens County Supreme Court) is on June 23, 2014.

[2] Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996 provides a one-year statute of limitations for seeking federal habeas corpus review, which runs from the date a conviction is made final, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. *See*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Memorandum and Order, and the

accompanying Judgment, to petitioner and note the mailing on the docket.


SO ORDERED.


Dated: Brooklyn, New York          *Roslynn R. Mauskopf*
      July 3, 2014          _____
           ROSLYNN R. MAUSKOPF
           United States District Judge